636 A.2d 679

**Randy J. WAGNER, Appellant,**

v.

**ORIE & ZIVIC, and John R. Orie, Jr., Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1993.

Filed Jan. 27, 1994.

338

Mark E. Milsop, Pittsburgh, for appellant.

Christopher Rulis, Pittsburgh, for appellees.

Jeffery B. Albert, Philadelphia, Pennsylvania Defense Inst. for amicus.

Before TAMILIA, HUDOCK and CERCONE, JJ.

HUDOCK, Judge.

The sole issue presented in this appeal is whether Rule 238 of the Pennsylvania Rules of Civil Procedure provide for delay damages to be awarded in a legal malpractice action where the underlying claim resulted from improper handling of a personal injury claim. We hold that delay damages are not applicable to such a claim and therefore, affirm the judgment of the lower court.

Randy Wagner (Appellant) suffered physical injuries resulting from a work-related accident when an improperly packaged metal panel landed on his foot. Appellant retained Appellees, Orie and Zivic, a professional association, for the purpose of representing him in a personal injury action against the manufacturer, distributor, and/or shipper of the metal panel. However, Appellees never filed the complaint and the applicable statute of limitations expired. Appellant sued Appellees for legal malpractice, and, after a jury verdict, was awarded an amount of thirty-three thousand ($33,000) dollars. Appellant timely filed a motion requesting that the trial court mold the verdict to award damages for delay in the amount of one thousand nine hundred thirty-five and 75/100 ($1,935.75) dollars pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure.[1] This motion was denied, and this direct appeal followed.

■ Appellant argues that this Court should grant Appellant's motion for delay damages on the basis of the Commonwealth Court's holding in *Loeffler v. Mountaintop Area Joint Sanitary Authority*, 101 Pa.Cmwlth. 514, 516 A.2d 848 (1986). In *Loeffler*, the plaintiffs received a verdict of $15,000 against a contractor who had caused damage to their property. The plaintiffs were unable to collect from the contractor because the contractor was self-insured and had filed for Chapter 11 bankruptcy. *Loeffler*, 516 A.2d at 849. Subsequently, the plaintiffs instituted suit against the sewer authority based upon the sewer authority's failure to assure that the contractor had adequate liability insurance. A verdict was entered in

1. Awarding of delay damages is governed by Rule 238 of the Rules of Civil Procedure, which provides in pertinent part:

    **Rule 238. Damages for Delay in Actions for Bodily Injury, Death or Property Damage**
    (a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, ... and shall become part of the verdict, decision or award.
    Pa.R.C.P., Rule 238, 42 Pa.C.S.

favor of the plaintiffs. On appeal, the Commonwealth Court directed an award of delay damages, stating:

> ... Pa.R.C.P. No. 238 expressly identifies its coverage in terms of the "relief" involved, not the underlying cause of action. Although the Loefflers proceeded against the authority upon the basis of the authority's failure to require an independent contractor to maintain adequate insurance, the damages which they sought, $15,000, measured by the amount of their property's loss in value, is the amount required to make them whole. Thus, the monetary relief which their action sought, and obtained, was definitely for—and measured by—"property damage."

*Id.* at 851.

In the instant case, Appellant urges us to apply the reasoning of *Loeffler* to justify an award of delay damages. Appellant claims that "[i]n both cases, the Defendants' failure to take action had the effect of destroying the Plaintiffs' ability to collect damages from the parties responsible for actually inflicting the harm confronted by the Plaintiff." Appellant's Brief, p. 11.

We find Appellant's argument to be without merit. In *Rizzo v. Haines,* 357 Pa.Super. 57, 515 A.2d 321 (1986), *aff'd.,* 520 Pa. 484, 555 A.2d 58 (1989), this Court held that delay damages are not appropriate in legal malpractice cases despite the fact that the underlying claim was for the type of injury enumerated in Rule 238. In *Rizzo,* the plaintiffs received compensatory and punitive damages in a legal malpractice action based upon improper settlement negotiations in a personal injury action. On appeal, the plaintiffs requested that delay damages be added to their verdict. This Court denied the delay damages, holding:

> Rule 238 provides for an award of damages "in an action seeking monetary relief for bodily injury, death or property damage...." While we recognize that the underlying cases which precipitated the instant action were both personal injury cases, the instant case was an action for legal malpractice. The rule is explicitly limited by its own language,

and we therefore, do not find it applicable to a legal malpractice action.

*Rizzo,* 515 A.2d at 325. In a separate opinion by Judge Popovich, it was added that "the Rule has not been extended to encompass such circumstances, being restricted instead to situations where a defendant *causes* bodily injury, death or property damage." *Id.* at 326 (emphasis in original).

In the case before us, Appellant's injuries were caused by the metal panel landing on his foot, not the failure of counsel to promptly file a complaint. Therefore, Appellees did not cause the bodily injury for which Appellant seeks to be compensated. The legal malpractice action is a separate and distinct claim, so the "relief" sought by Appellant does not fall into the clear mandates of Rule 238. In *Loeffler,* the sewage authority was contractually associated with the contractor who caused the damages and was, therefore, liable for any property damages that the plaintiffs sustained. Thus, the Loefflers were actually seeking relief for property damages.

■ Because of the clear statement of the law set forth in *Rizzo, supra,* delay damages pursuant to Rule 238 are not appropriate in legal malpractice actions.[2]

Judgment affirmed.

**2.** We note that the Pennsylvania Defense Institute has filed an Amicus Brief on behalf of Appellees in this matter. We agree that to extend delay damages to legal malpractice cases would be to override the purpose of Rule 238, which is to encourage defendants in personal injury actions to offer realistic settlement amounts.